United States District Court
Southern District of Texas
**ENTERED**
August 20, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TIMOTHY K. CALLERY, JOHN B. FRAZIER, and JAMES T. WILLIAMS, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. H-21-1086 |
| EXXONMOBIL CORPORATION, and THE EXXONMOBIL MEDICAL PLAN, | § § § | |
| Defendants. | § § § | |

**MEMORANDUM AND OPINION**

Timothy Callery, John Frazier, and James Williams are American citizens and former employees of ExxonMobil Corporation.  (Docket Entry No. 11 at 3).  Each worked for ExxonMobil for decades, both in and outside the United States.  Each is married to a Thai citizen and has lived as a retiree in Thailand for more than four years.  (Docket Entry No. 15 at 1).  None plans to live in the United States.

Each plaintiff is a current beneficiary of ExxonMobil's Retiree Medical Plan.  (Docket Entry No. 4 at ¶ 46; Docket Entry No. 11 at 3 n.1).  In the fall of 2020, each was informed in writing that he must have a physical U.S. street address and be enrolled in Medicare to continue to be eligible for Plan benefits after December 31, 2021.  (Docket Entry No. 4 at ¶ 49; Docket Entry No. 15-2).  The writing stated that medical coverage would end on December 31, 2021, for any plan participant not living in the United States.  (Docket Entry No. 4 at ¶ 50).  This policy change affected fewer than 200 out of 47,000 plan participants.  (*Id.* at ¶ 52).  The plaintiffs must have health insurance to remain in Thailand, and they allege that they cannot find replacement coverage there.  (*Id.* at ¶¶ 46, 51, 59).

In April 2021, the plaintiffs sued ExxonMobil.  The plaintiffs claim that ExxonMobil discriminated against them, in violation of ERISA § 510, by requiring all retirees over 65 to live in the United States to receive health benefits under the Plan.  (*Id.* at ¶¶ 64, 68). They assert causes of action (1) for age discrimination under 29 U.S.C. §§ 1140, 1132(a)(1); (2) breach of fiduciary duty under 29 U.S.C. § 1004; (3) an "ERISA cause of action under 29 U.S.C. § 1132"; and (4) detrimental reliance, seeking a declaratory judgment that they are entitled to continued coverage despite their age and foreign residence.  (*Id.* at ¶¶ 68, 76, 77, 80, 83).

ExxonMobil moved to dismiss the claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Docket Entry No. 11).  ExxonMobil argues that the claims are not ripe, the claims are moot, and the allegations do not state a claim for relief.  (Docket Entry No. 14 at 3–7).  The plaintiffs responded, and the court held oral argument on the motion.  After careful review, the court denies the motion to dismiss under Rule 12(b)(1), finding the claims ripe and not moot, but grants the Rule 12(b)(6) motion to dismiss for failure to state a claim.  Because further amendment would be futile, the dismissal is with prejudice.  The reasons are explained below.

## I.     The Legal Standards

### A.     A Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed, for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 593 (W.D. Tex. 2019) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

plus the court's resolution of disputed facts.  *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013).  The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  A court lacks power to decide a claim when a plaintiff lacks standing to bring the claim.

Standing requires: "(1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As "the party invoking federal jurisdiction," the plaintiffs "bear[ ] the burden of establishing these elements." *Lujan*, 504 U.S. at 561. They must meet this burden "with the manner and degree of evidence required at the successive stages of the litigation," which means that "on a motion to dismiss, plaintiffs must allege facts that give rise to a plausible claim of . . . standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561).  When a complaint seeks multiple kinds of relief, the plaintiff must show standing "for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

### B.      A Motion to Dismiss under Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its

3

face." *Twombly*, 550 U.S. at 570.  The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

A court considers only the pleadings in deciding a motion for judgment on the pleadings, *see Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *See, e.g.*, *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 509–10 (3d ed. 2004) (stating that "matters incorporated by reference or integral to the claim [and] items appearing in the record of the case . . . may be considered by the district judge without converting the [Rule 12(b)(6)] motion into one for summary judgment").  Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

## II.    Analysis

### A.    Ripeness

The "ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) (quoting *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)).  Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review.  *U.S. v.*

*Payton*, 959 F.3d 654, 656 (5th Cir. 2020) (citing *U.S. v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003)).

"A declaratory judgment action, like any other action, must be ripe in order to be justiciable." *TOTAL Gas & Power N. Am., Inc. v. Fed. Energy Regul. Comm.*, 859 F.3d 325, 332 (5th Cir. 2017).  To determine ripeness, courts consider: (1) whether the issues are fit for judicial decision and (2) the "hardship to the parties of withholding court consideration." *Roark*, 522 F.3d at 545; *see also Cent. & SW Servs. v. E.P.A.* 220 F.3d 683, 690 (5th Cir. 2000) ("[E]ven where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness.").

The issues presented in this case make it fit for judicial decision now.  Section 502(a)(1)(B) of ERISA allows a plaintiff to bring a civil action "to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B); *see Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1335 (5th Cir. 1992) ("When a beneficiary simply wants what was supposed to have been distributed under the plan, the appropriate remedy is 502(a)(1)(B).").  The plaintiffs assert a "right to enforce the insurance coverage they contracted for" and have "standing to pursue alleged breaches of this statutory duty."  *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 194 (5th Cir. 2015).

The fact that the insurance benefits last until December 31, 2021, does not defeat ripeness.  "Where the inevitability of the operation of a statute against certain individuals is patent, it is irrelevant to the existence of a justiciable controversy that there will be a time delay before the disputed provisions will come into effect."  *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993).  The inevitability of the plaintiffs losing their insurance benefits is evident; ExxonMobil has informed them that their medical coverage under the ExxonMobil benefit

plan ends on December 31, 2021, unless they relocate to, and have a residence address in, the United States.  (Docket Entry No. 4 at ¶ 50; *see also* Docket Entry No. 15-4).  In November 2020, ExxonMobil clearly informed the plaintiffs they had to reside in the United States to be entitled to continued health benefits under the Plan.

Ripeness requires hardships, which applies if there is a legal harm, such as the harm to the interests advanced by the party seeking relief or the harm of "being forced to modify one's behavior in order to avoid future adverse consequences." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citation omitted).  The plaintiffs allege that to continue their Plan benefits, they must move from Thailand to the United States, where their spouses do not have citizenship, or they must purchase new health insurance so they can remain in Thailand, which they have alleged they cannot do. (Docket Entry No. 4 at ¶¶ 49, 46, 58).  This alleged "rock and a hard place" predicament is sufficient to allege the hardship needed for ripeness.  *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506–08 (1972) (finding ripeness when boat owners were effectively required, by a soon to be implemented state law, to install new sewage pumping facilities on their boats).  The motion to dismiss for lack of ripeness is denied.

Because this case is fit for judicial decision and there is hardship to the plaintiffs, it is ripe for decision now.

### B.    Mootness

Mootness has two aspects: (1) the issues presented are no longer "live"; or (2) the parties lack a legally recognizable interest in the outcome. *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).  ExxonMobil argues that the claims are moot because the plaintiffs have not been damaged or harmed, they have received

any relief to which they are entitled, and there is nothing in dispute between the parties. (Docket Entry No. 11 at 6). But those arguments go to the merits of plaintiffs' claims, not to justiciability. *See Bond v. United States*, 564 U.S. 211, 219 (2011) ("[T]he question whether a plaintiff states a claim for relief goes to the merits in the typical case, not the justiciability of a dispute.") (citation and quotation marks omitted).

Because the issues are "live" and the parties have an interest in the outcome, the case is not moot. The plaintiffs contest whether ExxonMobil may require them to live in the United States to receive Plan benefits, and they will suffer harm if ExxonMobil may legally require them to do so. The Rule 12(b)(1) motion to dismiss for mootness is denied.

### C.  The Motion to Dismiss under Rule 12(b)(6)

#### 1.  Section 510 of ERISA

The plaintiffs allege that ExxonMobil discriminated against them, in violation of ERISA § 510, 29 U.S.C. § 1140, by removing them from the Plan while other retirees under the age of 65 living outside of the United States are allowed to remain.

Section 510 makes it unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act." 29 U.S.C. § 1140. "An employee bringing a Section 510 claim must show: (1) [a] prohibited adverse action by an employer (2) taken for the purpose of interfering with the attainment of (3) any right to which the employee is entitled." *Smith v. Crest Cadillac II, L.P.*, 2011 WL 4431916 at *2 (E.D. Tex. Sept. 22, 2011) (citing *Bodine v. Emp. Cas. Co.*, 352 F.3d 245, 250 (5th Cir. 2003)).

ERISA prohibits employers from: (1) retaliating against employees "for the exercise of an ERISA right"; and (2) preventing employees from attaining a benefit they are "entitled to under the plan.'" *Chambers v. Joseph T. Ryerson & Son, Inc.*, 2007 WL 1944346, at *12 (N.D. Tex. July 2, 2007) (citing *Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997)); *see also Maxwell v. Mech. Equip. Co., Inc.*, 2020 WL 5545675 at *3 (E.D. La. Sept. 16, 2020) (the plaintiff must identify a specific right with which the defendant interfered for an ERISA § 510 claim to survive a motion to dismiss). "To prevail on a § 510 claim, a plaintiff must prove that the defendant had a 'specific intent to discriminate among plan beneficiaries on grounds . . . proscribed by section 510.'" *Lee v. Verizon Comm., Inc.*, 954 F. Supp. 2d 486, 494 (N.D. Tex. 2013) (quoting *McGann v. H & H Music Co.*, 946 F.2d 401, 408 (5th Cir. 1991)).

The plaintiffs have not alleged that ExxonMobil attempted to remove them from the Plan in retaliation for exercising their ERISA rights or to prevent them from exercising their ERISA rights in the future. They allege that ExxonMobil discriminated against them because of their age. But the plaintiffs have not cited, and the court has not found, a provision of ERISA that prohibits age distinctions. Requiring enrollment in Medicare as a condition of coverage under a retiree health plan is not age discrimination. *See* 29 C.F.R. § 1625.32 (health benefits for retirees that are "altered, reduced or eliminated when the participant is eligible for Medicare health benefits" are exempted from acts prohibited by the Age Discrimination in Employment Act) (discussed further in *Fulghum v. Embarq Corp.*, 785 F.3d 395, 420 (10th Cir. 2015)). To the extent the plaintiffs claim a right to continued participation in the Plan because they are over 65, neither the Plan nor ERISA supports their claim. *See Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 543 (5th Cir. 2016); *see also Lee*, 954 F. Supp. 2d at 495.

ExxonMobil's motion to dismiss the ERISA § 510 claim is granted.

8

### 2. Sections 502(a)(1) and (3)

The plaintiffs assert a claim under § 502(a)(1), 29 U.S.C. § 1132(a)(1), or § 502(a)(3), 29 U.S.C. § 1132(a)(3), to enjoin ExxonMobil from violating ERISA and to enforce the applicable provisions of ERISA and the Plan terms. (Docket Entry No. 4 at ¶ 76).

Employers are generally free to modify or terminate employee welfare plans at any time. *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427 (2015); *see also Wise v. El Paso Natural Gas Co.*, 986 F.2d 929, 937 (5th Cir. 1993) (employers may "rethink earlier offers of contingent" nonvested benefits); *Venusti v. Horizon Blue Cross & Blue Shield of N.J.*, 2021 WL 2310095, at *4 (D.N.J. June 7, 2021) (employers may reduce plan benefits by the amount Medicare would cover); *High v. E-Systems Inc.*, 459 F.3d 573, 579 (5th Cir. 2006) (an employer may reduce plan benefits by the amount of the Veterans Administration benefits employees received). "To assert a claim for benefits under ERISA, a plaintiff must identify a specific Plan term that confers the benefits in question." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 600 (N.D. Tex. 2014) (quotations omitted); *see also Paragon Off. Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, 2012 WL 5868249, at *2 (N.D. Tex. Nov. 20, 2012) ("A plaintiff who brings a claim for benefits must identify a specific plan term that confers the benefit in question.").

The plaintiffs fail to state a § 502(a)(1) or 502(a)(3) claim against ExxonMobil. They do not identify a specific Plan term that confers a continual right to health benefits regardless of residence. (Docket Entry No. 4 at ¶ 76). The plaintiffs have failed to allege that ExxonMobil violated § 502(a)(1) or (3) of ERISA.

ExxonMobil's motion to dismiss for failure to state a claim is granted as to the plaintiffs' ERISA § 502(a)(1) and § 502(a)(3) claim.

### 3. Detrimental Reliance

The plaintiffs claim that they detrimentally relied on ExxonMobil's general representations that it does not discriminate and is ethical in its business practices. Detrimental reliance under ERISA, or ERISA estoppel, has three elements: "(1) material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." *High v. E-Systems Inc.*, 459 F.3d 573, 579 (5th Cir. 2006). Each is examined below.

### a. Material Misrepresentation

"[A] misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision." *Fisher v. AIG Life Ins. Co.*, No. 08-CV-477, 2009 WL 3029756 at *7 (N.D. Tex. Sept. 23, 2009) (quoting *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 237 (3d Cir. 1994); *see also Sanborn-Alder v. Cigna Grp. Ins.*, 771 F. Supp. 2d 713, 720 (citing *Mello*, 431 F. 3d at 445) ("A plaintiff can satisfy the element of material misrepresentation if the employer misrepresented any pertinent information."). An omission without intent to deceive cannot be a material misrepresentation. *Khan v. Am. Intern. Grp, Inc.*, 654 F. Supp. 2d 617, 629 (S.D. Tex. 2009).

"[A] 'party's reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party.'" *High*, 459 F.3d at 580 (quoting *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998)) (the plaintiffs failed to establish a material misrepresentation when the Plan included a clause allowing the employer the right to "change, amend, or terminate the Plan for any reason or purpose"); *see also Cell Sci. Sys. Corp v. La Health Serv. & Indem. Co.*, No. 17-CV-1658, 2018 WL 3978361 at *6 (M.D. La. Aug. 20, 2018) (ending benefits that were previously covered is insufficient to show a material misrepresentation); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 375 (affirming a Rule

12(b)(6) dismissal when the plaintiffs failed to allege facts showing how the defendant's statement about coverage in the plan brochure was a material misrepresentation).

The plaintiffs allege that ExxonMobil materially misrepresented that it does not discriminate and is ethical in its business practices. The plaintiffs also allege that they made life choices based on these representations. Courts have held that similar broad policy statements are insufficient to state a legal claim. *See, e.g.*, *Clayton v. Vanguard Car Rental U.S.A., Inc.*, 761 F. Supp. 2d 1210, 1278 (D.N.M. 2010) (a company's policy stating that discrimination and harassment would not be tolerated was a "general guideline" and did "not contain language specific enough to raise a reasonable expectation that the company [was] guaranteeing a right to be free from discrimination."); *Gokool v. Ok. City Univ.*, 716 F. App'x 815, 818 (10th Cir. 2017) (a broad policy statement does not establish a contract); *Moore v. Home Ins. Co.*, 601 F.2d 1072, 1074 (9th Cir. 1979) (the court rejected the contention that "ERISA's broad policy statements have legal force" when the plaintiff could not point to an ERISA provision or Plan term that would limit the company's ability to fire him); *Aludo v. Denver Area Council*, No. 06-CV-02257, 2008 WL 3166147 at *5 (D. Colo. Aug. 5, 2008) ("A parent company's broad policy statements regarding employment matters is insufficient to show control of labor relations."); *Ward v. N.Y Univ.*, 2000 WL 1448641 (S.D.N.Y. Sept. 28, 2000) ("Relying upon . . . broad policy pronouncements, without pointing to a single specific promise or representation is insufficient to state a claim.").

The plaintiffs have failed to allege a material misrepresentation because the broad policy statements they highlight are not sufficiently specific.

### b.   Reasonable and Detrimental Reliance

Reliance must be both reasonable and detrimental for ERISA estoppel to apply. *Mello*, 431 F.3d at 445. "[A] party's reliance can seldom, if ever, be reasonable or justifiable if it is

inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party." *Sanborn-Alder v. Cigna Grp. Ins.*, 771 F. Supp. 2d 713, 720 n.4 (S.D. Tex. 2011) (quoting *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998)); *see also Nichols*, 532 F.3d at 375 (reliance on a provision indicating that a separate medical account was set up on retirement was unreasonable when the Plan specifically stated that Plan administrators reserved the right to change or terminate the plan); *Mello*, 431 F.3d at 447 (unambiguous plan terms undercut reasonable reliance).

The Plan specified in unambiguous terms that ExxonMobil "reserves the right to suspend, withdraw, amend, modify, or terminate the ExxonMobil Retiree Medical Plan or any of its provisions at any time and for any reason." (Docket Entry No. 15-4). The plaintiffs had notice that their benefits were conditional. Reliance on ExxonMobil's nondiscrimination policy was not reasonable.

Because the Plan clearly notified the plaintiffs of the conditional nature of the Plan benefits, and there was no material misrepresentation, there is no detrimental reliance as a matter of law. ExxonMobil's motion to dismiss for failure to state a claim is granted as to the plaintiffs' detrimental reliance claim.

### 4.    Breach of Fiduciary Duty

The plaintiffs allege that ExxonMobil is a Plan fiduciary that: (1) breached its fiduciary duty by segregating the plaintiffs in a discriminatory way with the specific intent to deny the plaintiffs their health benefits; and (2) breached the fiduciary duties outlined under 29 U.S.C. § 1004.

Sections 502(a)(2) and 502(a)(3) are the ERISA causes of action for breach of fiduciary duty. 29 U.S.C. § 1132(a)(2), (3); *see Hughes v. Legion Ins. Co.*, No. H-03-0993, 2007 WL 781951

at *4 (S.D. Tex. March 12, 2007).  Section 409, 29 U.S.C. § 1109(a), provides a cause of action for breach of fiduciary duty enforceable through § 502(a)(2).  Section 502(a)(2) permits a civil action "by a participant, beneficiary or fiduciary for appropriate relief under § 1109 of this title." 29 U.S.C. § 1132(a)(2).  Courts have held that a § 409(a) claim is similar to those that "inure to the benefit of the plan as a whole."  *Nichols*, 532 F.3d at 376 (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)); *see also Matassarin v. Lynch*, 174 F.3d 549, 566 (5th Cir. 1999). "[M]any courts have held that claims for breach of fiduciary duty under § 502(a)(2) must be brought in a representative capacity on behalf of the plan as a whole, with the goal of protecting the financial integrity of the plan."  *Nichols*, 532 F.3d at 376 (citing *LaRue*, 128 S. Ct. at 1023).

No such claim is asserted here.  The plaintiffs are not seeking to represent the Plan as a whole.  Individual plan participants may not bring a private action for breach of fiduciary duty when "it is readily apparent" from the complaint that the plaintiffs are seeking benefits for a subset of the Plan under § 502(a)(1)(B).  *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) (citing *Variety Corp. v. Howe*, 516 U.S. 489, 510–16 (1996)); *see Swenson v. United of Omaha Life Ins. Co.* 876 F.3d 809, 812 (5th Cir. 2017) ("Because ERISA's civil enforcement provision provides a direct mechanism to address the injury for which [the plaintiff] seeks equitable relief, she cannot assert a separate ERISA claim for breach of fiduciary duty.").

Under ERISA § 502(a)(3), a "civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. 1132(a)(3); *see also Vanity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (ERISA § 502(a)(3) authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations).  "Generally, an ERISA

§ 502(a)(3) claim for an equitable remedy may not be maintained when ERISA § 502(a)(1)(B) affords an adequate remedy." *Manual v. Turner Indus. Grp. LLC*, 905 F.3d 859, 865 (5th Cir. 2018) (quotation marks and citations omitted).   ERISA § 502(a)(3) authorizes "appropriate equitable relief" for ERISA violations. 29 U.S.C. § 502(a)(3). The relevant standard of harm "depend[s] on the equitable theory by which the District Court provides relief." *CIGNA Corp. v. Amara*, 563 U.S. 421, 425 (2011).   When plaintiffs have adequate redress through the right to bring suit under § 502(a)(1), they cannot maintain a claim for breach of fiduciary duty under § 502(a)(3), even if they cannot prevail on a claim under § 502(a)(1). *Hollingshead v. Aetna Health, Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014).

The plaintiffs assert a § 502(a)(1) claim to enjoin ExxonMobil from acts that violate ERISA or the Plan terms.  (Docket Entry No. 12 at ¶ 76).  Because the plaintiffs are seeking to recover benefits under § 502(a)(1), they may not also pursue a claim for breach of fiduciary duty under § 502(a)(2) or § 502(a)(3).

### 5.    Declaratory Judgment

The plaintiffs also seek declaratory relief to clarify their rights under the Plan.  (Docket Entry No. 4 at ¶ 83).  Because they have failed to allege an ERISA violation or a material misrepresentation on which they reasonably relied, declaratory relief is denied

### III.    Conclusion

ExxonMobil's motion to dismiss for lack of subject-matter jurisdiction is denied.  The motion to dismiss for failure to state a claim upon which relief can be granted is granted.  This civil action is dismissed with prejudice because amendment would be futile.

SIGNED on August 20, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge